UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TROY McRAE,

                       Plaintiff,

        v.

DR. LEE, et al.,

                       Defendants.
_____

<u>DECISION & ORDER</u>

15-CV-6009G

Plaintiff Troy McRae ("McRae"), acting *pro se*, filed a complaint asserting claims under 42 U.S.C. § 1983, against several defendants employed by the New York State Department of Corrections and Community Supervision ("DOCCS") or within DOCCS facilities alleging, *inter alia*, that defendants violated his constitutional rights while he was incarcerated. (Docket # 1). Currently pending before this Court is McRae's motion for an order awarding him fees in connection with the litigation. (Docket # 30). Also pending is McRae's request to amend the caption to correctly identify the assistant dentist as "Cotter," not "Potter." (Docket # 32).

McRae seeks an award of fees for the time he must expend to litigate this matter, including witness fees to attend his own deposition and fees to respond to defendants' motions, to file motions to compel disclosure, and to "thoroughly research and defend his case." (Docket # 30). According to McRae, any time he spends litigating his case requires him to spend less time working or attending programming, and he should be compensated for that lost time. (*Id.*).

As an initial matter, the docket does not reflect that defendants have filed any motions, failed to respond to propounded discovery, or served a deposition notice upon McRae.

In any event, it is well-settled that *pro se* litigants are not entitled to attorney's fees. *See Jackson v. County of Rockland*, 450 F. App'x 15, 19 (2d Cir. 2011) (summary order) ("[t]he Supreme Court has spoken clearly that a pro se litigant, whether or not he is a lawyer, may not receive attorney's fees under Section 1988") (citing *Kay v. Ehrler,* 499 U.S. 432, 435-38 (1991)); *Regnante v. Sec. & Exch. Officials,* 134 F. Supp. 3d 749, 773 (S.D.N.Y. 2015) ("[t]o the extent [p]laintiff is seeking attorney's fees for himself, this claim can swiftly be dismissed, inasmuch as a *pro se* litigant may not recover fees under § 1988"). Similarly, McRae is not entitled to witness fees to attend his own deposition. *See Stooksbury v. Ross*, 2012 WL 2128026, *2 (E.D. Tenn. 2012) ("[d]efendant . . . , as a party to this action, is not entitled to attendance fees and mileage") (collecting cases). Accordingly, McRae's motion for fees **(Docket # 30)** is **DENIED**.

McRae also seeks to amend the caption to reflect the correct name of the dental assistant defendant from "Potter" to "Cotter." (Docket # 32). Counsel for defendants informed the Court by letter dated April 5, 2017, that he had accepted service of the summons and complaint on behalf of defendant Terri Cotter. (Docket # 31). McRae's request to amend the caption **(Docket # 32)** is **GRANTED**. The Clerk of the Court is directed to change the caption of this matter to reflect the correct spelling of the name of defendant "Cotter."

**IT IS SO ORDERED.**

                                                *s/Marian W. Payson*
                                                MARIAN W. PAYSON
                                                United States Magistrate Judge

Dated: Rochester, New York
       April 12, 2017