UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TROY McRAE,

                               Plaintiff,

        v.

DR. LEE, et al.,

                               Defendants.
_____

DECISION & ORDER

15-CV-6009G

Plaintiff Troy McRae ("McRae"), acting *pro se*, filed a complaint asserting claims under 42 U.S.C. § 1983, against several defendants employed by the New York State Department of Corrections and Community Supervision ("DOCCS") or within DOCCS facilities alleging, *inter alia*, that defendants violated his constitutional rights while he was incarcerated. (Docket # 1). Currently pending before this Court is McRae's motion for reconsideration of this Court's previous Decision & Order denying his request for fees in connection with the litigation. (Docket ## 33, 34).

In his motion, McRae seeks an award of fees for the time he must expend to attend his own deposition. (Docket # 34). According to McRae, defendants should be limited to obtaining trial testimony from him, and he should be compensated for any time he expends at a deposition noticed by the defendants. (*Id.*). In his motion, McRae simply seeks to relitigate this Court's previous determination. (*Id.*). Yet, relitigation of previously decided issues is "not a proper basis for a motion for reconsideration," and denial of the motion is warranted. *See*

*Charter Oak Fire Ins. Co. ex rel. Milton Fabrics, Inc. v. Nat'l Wholesale Liquidators*, 2003 WL 22455321, *1 (S.D.N.Y. 2003), *aff'd*, 101 F. App'x 860 (2d Cir. 2004).

In any event, Rule 30 of the Federal Rules of Civil Procedure permits litigants to depose opposing parties upon notice. *See* Fed. R. Civ. P. 30. Although non-party witnesses generally are entitled to statutory fees for attendance at a deposition, *see* 28 U.S.C. § 1821(a)(1); Fed. R. Civ. P. 45(b)(1), as stated in my previous decision, McRae, as a litigant to this action, is not entitled to witness fees to attend his own deposition. *See Stooksbury v. Ross*, 2012 WL 2128026, *2 (E.D. Tenn. 2012) ("[d]efendant . . . , as a party to this action, is not entitled to attendance fees and mileage") (collecting cases). Even if McRae's status as a party to this action did not disqualify him from receiving statutory witness fees, his status as an incarcerated inmate would preclude his request for such fees. *See* 28 U.S.C. § 1821(f). McRae has not provided any basis for me to reconsider my previous decision denying his request for fees. Accordingly, McRae's motion for reconsideration **(Docket # 34)** is **DENIED**.

**IT IS SO ORDERED.**

    *s/Marian W. Payson*
    MARIAN W. PAYSON
    United States Magistrate Judge

Dated: Rochester, New York
       May 23, 2017